An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM ROBERT ROBINSON,
Appellant,
vs.
AMY RUTH ROBINSON,
Respondent.

No. 60198

**FILED**

JUL 24 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _R. Malone_
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a child custody fast track appeal from a district court divorce decree. Eighth Judicial District Court, Family Court Division, Clark County; Charles J. Hoskin, Judge.

On appeal, appellant challenges the portion of the divorce decree that awarded primary physical custody of the parties' minor child to respondent in New Hampshire. Appellant contends that the district court applied the wrong legal standard in allowing respondent to remain with the child in New Hampshire, where she moved shortly before appellant instituted the divorce proceeding. He argues that the district court should have applied the relocation statute, NRS 125C.200, and the relocation factors set forth in *Schwartz v. Schwartz*, 107 Nev. 378, 382-83, 812 P.2d 1268, 1271 (1991), rather than the best interest of the child standard under *Potter v. Potter*, 121 Nev. 613, 618, 119 P.3d 1246, 1249 (2005).

Having considered the parties' arguments and reviewed the record, we conclude that the district court applied the correct legal standard. *See Staccato v. Valley Hosp.*, 123 Nev. 526, 530, 170 P.3d 503, 505-06 (2007) (recognizing that de novo review is implicated when considering whether the district court applied the proper legal standard). In *Potter*, 121 Nev. at 618, 119 P.3d at 1249, we held that when the parties

SUPREME COURT
OF
NEVADA

(O) 1947A

*13-21794*

share joint physical custody, the parent seeking to relocate outside of the state is not eligible to petition for relocation under NRS 125C.200, and must move for primary physical custody of the child for the purpose of relocating, and the district court must apply the best interest of the child standard. We conclude that *Potter* is analogous to the situation presented here, where custody had not been finally established. Therefore, the district court properly applied the best-interest-of-the-child standard. *See* NRS 125.480(1) (stating that in determining child custody, the court's sole consideration is the child's best interest). We further conclude that appellant had an adequate opportunity to present evidence in accordance with that standard.

Appellant next contends that the district court abused its discretion in determining that it was in the child's best interest to award primary physical custody to respondent in New Hampshire. Having reviewed the record, we conclude that the district court did not abuse its discretion in determining custody and visitation. *See Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that child custody decisions rest within the district court's sound discretion). The district court considered the appropriate factors under NRS 125.480(4), and the court's factual findings are supported by substantial evidence. *See Rico v. Rodriguez*, 121 Nev. 695, 701, 120 P.3d 812, 816 (2005). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Charles J. Hoskin, District Judge, Family Court Division
Carolyn Worrell, Settlement Judge
The Firm, P.C.
Steinberg Law Group
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A